UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80640

TELARI MANAGEMENT FZC LLC,
   Plaintiff,

vs.

VALERY VASILYEV,
ANNA TRUNOVA,
TVTEKA LTD., and
IGIA INVESTMENT LLC,
   Defendants.

## COMPLAINT

      This is an action for Fraud, Conversion, Breach of Contract, Violation of Florida's Unfair and Deceptive Trade Practices Act, Breach of Constructive Trust, Fraudulent Conveyance, Unjust Enrichment, and related causes of action, wherein Plaintiff Telari Management FZC LLC ("**Telari**") seeks damages and other relief for the actions committed and/or omitted by Defendants Valery Vasilyev ("**Vasilyev**") and Tvteka Ltd. ("**Tvteka**"). Telari also seeks equitable relief against defendants Anna Trunova and IGIA Investment LLC. Telari and Tvteka were parties to an agreement where Tvteka would process payments for Telari, take a percentage of these payments for compensation, and remit the remainder to Telari. Vasilyev, through his ownership and management of Tvteka, plotted and schemed for months and siphoned hundreds of thousands of dollars away from Telari, all while promising that Tvteka would soon make good on its debts. Upon information and belief, while falsely promising to Telari that it would be paid, Vasilyev for months organized and prepared a business venture in Florida into which he invested the hundreds of thousands of dollars he stole from Telari. Eventually, Vasilyev

1

absconded with more than $446,000 of Telari's funds entrusted to him and Tvteka, and, upon information and belief, Vasilyev fraudulently conveyed a portion of these funds to a member of his household, Anna Trunova ("**Trunova**") and to a limited liability company managed by and owned by Vasilyev and Trunova, IGIA Investment, LLC ("**IGIA**").  Vasilyev, Trunova, and IGIA then, upon information and belief, invested these ill-gotten funds converted from Telari into real estate and a business in Delray Beach, Florida.

## PARTIES

1. Plaintiff Telari Management FZC LLC ("**Telari**") is a limited liability company registered in the United Arab Emirates that does business in the United States.

2. Defendant Valery Vasilyev ("**Vasilyev**") is a natural person who, upon information and belief, resides at 12449 Antille Drive, in Boca Raton, Florida.

3. Defendant Tvteka Ltd. ("**Tvteka**") is a corporation registered in Illinois.  Vasilyev is the President of Tvteka, and, upon information and belief, is also the sole shareholder of Tvteka.  Tvteka was registered in 2009.

4. Defendant Anna Trunova ("**Trunova**") is a natural person who, upon information and belief, resides at 12449 Antille Drive, in Boca Raton, Florida.  Upon information and belief, Trunova resides with Vasilyev, has a significant relationship with Vasilyev, and is a member of the same household as Vasilyev.

5. Defendant IGIA Investment LLC ("**IGIA**") is a Florida limited liability company with a principal address of 12449 Antille Drive in Boca Raton, Florida.  Vasilyev and Trunova are the managers of IGIA, and, upon information and belief, are members of IGIA.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because, upon information and belief, Vasilyev and Trunova reside in Boca Raton, Florida, which is in this district. Venue is also proper in this district because IGIA's principal address is in Boca Raton, Florida, which is in this district. Venue is also proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to these claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## GENERAL FACTS

8. Plaintiff Telari provides an online streaming service by which it makes available foreign language television programs to viewers in North America.

9. In or about 2009, Plaintiff Telari contracted with Defendants Vasilyev and Tvteka for them to act as Telari's affiliate in the United States and, as part of the affiliate services, to accept payments from customers in the United States for Telari's service.

10. Pursuant to this affiliate relationship, Defendants Vasilyev and Tvteka received and processed payments from Telari's customers in North America and then remitted payment to Telari in the UAE after withholding a 7% commission (the "**Agreement**").

11. As part of the affiliate relationship, Telari provided other services for Tvteka, such as server rentals, data storage, electronic hardware, and bandwidth coverage. Invoices reflecting these services are attached hereto as Exhibit 1.

12. The parties operated under the Agreement without significant issue for years.

13. Starting in November of 2022, Tvteka began to fail to fully remit payments due to Telari under the Agreement.

14. Starting in December of 2022, Tvteka failed to make any payments whatsoever to Telari under the Agreement, and has not made any payments to Telari since.

15. Despite Tvteka failing to remit payments due to Telari, Vasilyev repeatedly promised to Telari that Tvteka would soon catch up on these payments. Indeed, from around November of 2022 until about mid-March of 2023, Vasilyev continuously promised *multiple times a week* that Tvteka would soon catch up on its payments to Telari.

16. In reliance on Vasilyev's promises to promptly make payments under the Agreement, Telari continued to keep Tvteka as its affiliate, including by continuing to allow Tvteka to receive payments under the Agreement.

17. As of January 1, 2023, Tvteka owed Telari approximately $355,000 in unremitted funds under the Agreement.

18. While Tvteka owed this $355,000 to Telari at the beginning of 2023, Vasilyev nonetheless promised to Telari that Tvteka would soon catch up on its payments, and represented to Telari that Tvteka would perform in accordance with the Agreement.

19. At or around the beginning of March of 2023, Tvteka owed Telari approximately $450,000 under the Agreement.

20. In or about mid to late March 2023, Telari again made demands for Vasilyev to make immediate payments to it on behalf of Tvteka.

21. Shockingly, in about late March 2023, Vasilyev told Telari that he would not be remitting *any* of the amounts owed to Telari under the Agreement. Instead, Vasilyev told Telari that he was taking these funds for his own use. **Vasilyev admitted that he was stealing**

**Telari's money**.

22. Vasilyev admitted in writing that he misappropriated these funds. Indeed, in a text message to a Telari representative, he stated to the effect: "I do not make excuses, but I admit my guilt" … "I do not deny anything" … "I do not relieve myself of guilt or responsibility," and asked Telari to consider the amounts he stole from Telari to be a "loan" and suggested that he would pay these stolen funds back with interest. Text messages Vasilyev sent to Telari with their translations (from Russian) are attached hereto as Exhibit 2).

23. Telari did not agree to reclassify the stolen funds as a loan and again demanded the full and immediate repayment of the funds.

24. As of the date hereof, Vasilyev has failed to return these stolen funds to Telari.

25. Because of Vasilyev's and Tvteka's dishonesty, fraud, breach of contract, and conversion of the funds, Telari had to abruptly cease its relationship Tvteka. This caused Telari to lose hundreds of customers, which translates to losses of tens of thousands of dollars of annual revenue for Telari.

26. Vasilyev, after converting these funds from Telari, upon information and belief, rolled them into purchasing real estate and a business in Delray Beach, Florida.

**VASIYEV'S FRAUDULENT SCHEME**

27. Upon information and belief, Vasilyev began plotting his scheme to steal hundreds of thousands of dollars from Telari at least since approximately July of 2021. Indeed, on July 7, 2021, Vasilev along with Trunova, formed a Florida limited liability company, The Villa of Delray LLC, of which Vasilev and Trunova are managers, and, upon information and belief, Vasilyev is a member of as well. A printout from the Florida Department of State's website reflecting the details of The Villa of Delray LLC is attached hereto as Exhibit 3.

28. Vasilyev, who, upon information and belief, was a resident of Illinois for many years, sold his home in Lincolnshire, Illinois on or about October 20, 2021, and then, upon information and belief, moved to 12499 Antille Drive in Boca Raton, Florida. A copy of the deed Vasilyev granted with respect to his Lincolnshire, Illinois home recorded on October 20, 2021, is attached hereto as Exhibit 4.

29. On October 5, 2021, which is approximately the time that Vasilyev sold his Illinois home and, upon information and belief moved to Florida, Vasilyev and Trunova registered IGIA with the Florida Secretary of State. A printout from the Florida Department of State's website reflecting the formation is attached hereto as Exhibit 5.

30. On or about December 22, 2022, Vasilyev, along with Trunova and IGIA, purchased real property located at 13415 Barwick Road in Delray Beach, FL 33445 (the "**Delray Property**") for the amount of $1,400,000. A copy of the deed reflecting this purchase is attached hereto as Exhibit 6.

31. Also on or about December 22, 2022, Vasilyev, along with Trunova and IGIA obtained a mortgage secured by the Delray Property for $1,050,000. A copy of a mortgage document reflecting this is attached hereto as Exhibit 7.

32. On account of the foregoing, it appears that Vasilyev, along with Trunova and IGIA, made a down payment of approximately $350,000 towards the purchase of the Delray Property.

33. Upon information and belief, Vasilyev used the stolen and converted funds from Telari for this $350,000 down payment, and by doing so fraudulently conveyed Telari's property to Trunova and IGIA, because, according to the deed for the Delray Property, Trunova and IGIA are joint tenants with Vasilyev.

34. It appears that an assisted living/residential care home business is operated out of the Delray Property under the trade name "The Villa of Delray." Upon information and belief, Vasilyev and Trunova formed The Villa of Delray LLC to operate the assisted living/residential care home business located at the Delray Property.

35. Vasilyev, upon information and belief, transferred some of the funds he stole from Telari to Trunova and IGIA, and all three used this money to purchase the Delray Property and the "Villa of Delray" business operating at the Delray Property.

36. This transfer of funds constitutes a fraudulent conveyance.

37. The timeline of events demonstrates that Vasilyev was, upon information and belief, planning to defraud Telari and steal hundreds of thousands of dollars from it for months, at least since July of 2021.

38. Indeed, in July of 2021, Vasilyev and Trunova formed The Villa of Delray LLC, in October of 2021 Vasilyev and Trunova organized IGIA, and also in October of 2021, Vasilyev sold his real estate in Illinois. Upon information and belief, Vasilyev and Trunova also moved together from Illinois to Florida around this time.

39. Despite falling behind on payments in November of 2022, Vasilyev falsely assured Telari that he would shortly catch up on these payments, all the while Vasilyev was, upon information and belief, allowing these amounts to accumulate to increase the amount of money he could steal to fund his new business venture in Florida.

40. Telari relied upon Vasilyev's false promises to catch up on remitting these unpaid amounts, and continued processing payments with Vasilyev and Tvteka from November of 2022 through March of 2023 in reliance on these false promises.

41. By around January 1, 2023, Tvteka owed Telari approximately $355,000 under

the Agreement.

42.     Only about *nine* days prior to this date, on or about December 22, 2022, Vasilyev, along with Trunova and their limited liability company, IGIA, made a down payment of approximately $350,000 on the Delray Property.  **This $350,000 down payment amounts to almost exactly the amount of money that Vasilyev misappropriated from Telari as of approximately the same time**.

43.     This is consistent with Vasilyev's request (in the text messages attached hereto as Exhibits 2) to Telari to consider the money he stole from Telari to be a "loan."  Upon information and belief, Vasilyev saw the opportunity to purchase real estate and invest in a business in Florida, and to finance this venture he stole hundreds of thousands of dollars from Telari.

44.     On or about April 9, 2023, Vasilyev sent an email to Telari wherein Vasilyev admitted that as of April 1, 2023, Tvteka owed $446,767.11 to Telari.

45.     All tortious, fraudulent, and otherwise unlawful activities described herein attributable to Tvteka were directed by Vasilyev personally and for his own personal benefit.

## COUNT I
### Fraud – Against Defendants Vasilyev and Tvteka

46.     Telari hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

47.     From November of 2022 until March of 2023 Vasilyev personally, and on behalf of Tvteka, falsely represented to Telari that Tvteka would soon catch up on remitting payments that Tvteka owed to Telari.

48.     Telari relied on these false representations to its detriment because, without limitation, Telari then continued to use Tvteka as its affiliate, and Tvteka continued to collect

payments thereunder, which increased the amounts Tvteka owed to Telari and increased the amounts that Vasilyev converted from Telari, and forestalled Telari's search for a replacement affiliate in the United States.

49. Telari was damaged by Vasilyev's and Tvteka's fraudulent actions and omissions as described herein.

## COUNT II
### Breach of Contract – Against Defendant Tvteka

50. Telari hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

51. Telari and Tvteka are parties to a contract, the Agreement.

52. At all times relevant hereto, Telari fully complied with its duties and obligations under the Agreement.

53. As described herein, Tvteka breached the Agreement by, without limitation, failing to remit to Telari payments it received under the Agreement.

54. As a direct and proximate result of Tvteka's breaches, Telari was damaged.

## COUNT III
### Breach of Constructive Trust – Against Defendants Vasilyev and Tvteka

55. Telari hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

56. Vasilyev and Tvteka promised to Telari that Tvteka would hold funds and payments from Telari customers, process these payments, and remit these funds to Telari.

57. In reliance on this promise, Telari arranged for its customers to make payments directly to Tvteka (under the control of Vasilyev).

58. There was a confidential relationship between Telari and Vasilyev and Tvteka.

59. Vasilyev and Tvteka breached their promises, and as a result were unjustly enriched at Telari's expense.

## COUNT IV
### Breach of Covenant of Good Faith and Fair Dealing – Against Defendants Vasilyev and Tvteka

60. Telari hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

61. A covenant of good faith and fair dealing is implied in all Florida contracts as well as in Florida trusts.

62. By virtue of the foregoing, Defendants Vasilyev and Tvteka breached their respective covenants of good faith and fair dealing with Telari.

63. As a direct and proximate result of these breaches, Telari has been damaged.

## COUNT V
### Conversion Against Defendants Vasilyev and Tvteka

64. Telari hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

65. Vasilyev and Tvteka were obligated to process Telari customers' payments and to remit the funds to Telari under the Agreement.

66. As described herein, Vasilyev and Tvteka accepted funds from Telari customers, but intentionally failed to process or remit payments as required under the Agreement, and instead, Vasilyev absconded with these funds and used them to purchase property and a business in Florida.

67. Telari is and continues to be damaged by Vasilyev's and Tvteka's conversion of its property.

## COUNT VI
### Violation of Florida Deceptive and Unfair Trade Practices Act (FDUTPA) – Against Defendants Vasilyev and Tvteka

68.    Telari hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

69.    For all times relevant, Telari is a consumer under the FDUTPA.

70.    For all times relevant, Telari, Vasilyev, and Tvteka were engaged in trade or commerce as defined under the FDUTPA.

71.    Vasilyev's and Tvteka's actions as described herein are unfair, unconscionable, and/or deceptive under the FDUTPA.

72.    Telari has been damaged by Vasilyev's and Tvteka's unfair, unconscionable, and/or deceptive business practices.

## COUNT VII
### Unjust Enrichment – Against All Defendants

73.    Telari hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

74.    By engaging in the acts and omissions described herein, the Defendants improperly retained approximately $446,000 in funds due and owing to Telari.

75.    It would be inequitable for the Defendants to retain these funds, and equity and good conscience requires the Defendants to make restitution to Telari for the benefits that they have inequitably obtained from Telari.

## COUNT VIII
### Fraudulent Transfer – Against All Defendants

76.    Telari hereby repeats and incorporates by reference the allegations in the

foregoing paragraphs as if fully set forth herein.

77. As described herein, Tvteka undisputedly owed Telari $446,000 and Telari has and had a claim for this money.

78. In an effort to avoid paying these funds to Telari, Vasilyev, upon information and belief, transferred these funds belonging to Telari to Trunova and to IGIA to purchase the Delray Property and invest in a business in Delray Beach, Florida.

79. Vasilyev intended to defraud Telari on account of this foregoing transfer.

80. Equity and good conscience require this Court to invalidate the above referenced transfer, or at a minimum, hold the Delray Property, and the business thereat, in a constructive trust for the benefit of Telari.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that his Honorable Court will award the following:

1. Enter judgment for Plaintiff on all Counts of its Complaint;

2. Award Plaintiff damages as determined at trial, plus attorneys' fees, punitive damages, interest, and costs as provided by law;

3. Award Plaintiff its reasonable attorneys' fees on account of Defendants Vasilyev' and Tvteka's violation of FDUTPA;

4. Invalidate the fraudulent transfer of funds from Vasilyev to Trunova and IGIA, and, in until such time as the transfers are invalidated, place the Delray Property, and the business operating thereat, into a constructive trust for the benefit of Plaintiff; and

5. Grant Plaintiff such other relief as the Court deems just.

**Plaintiff Requests a Trial by Jury on All Issues**

Plaintiff,
Telari Management FZC LLC
By its attorneys,


/s/ Matthew Shayefar, Esq.
Matthew Shayefar (FL Bar No. 126465)
Law Office of Matthew Shayefar, PC
750 N. San Vicente Blvd, 800 West
West Hollywood, CA 90069
Tel: 323-948-8101
matt@shayefar.com

Valentin Gurvits (*phv forthcoming*)
(MA Bar No. 643572)
Frank Scardino (*phv forthcoming*)
(MA Bar No. 703911)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: 617-928-1804
Fax: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com