# Exhibit 7

```
                                                    CFN 20220504673
                                                    OR BK 34034 PG 596
                                                    RECORDED 12/22/2022 2:11 PM
                                                    AMT $1,050,000.00
                                                    MTG DOC $3,675.00
                                                    INTANGIBLE $2,100.00
                                                    Palm Beach County, Florida
                                                    Joseph Abruzzo, Clerk
                                                    Pgs: 596 - 599; (4pgs)
```

**This Document Prepared By and Return to:**
**Law Offices of David M. Bauman PLLC**
**6550 North Federal Highway**
**Suite 220**
**Fort Lauderdale, FL 33308**
**954-424-3306**

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $1,058,750.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

# Real Estate Mortgage

THIS MORTGAGE made this 8th day of December A.D. 2022 between **VALERY VASILYEV, a single man and ANNA TRUNOVA, a single woman, as JTWROS, and IGIA INVESTMENT LLC, a Florida Limited Liability Company, whose address is 12449 Antille Drive, Boca Raton, FL 33428** herein called Mortgagor, in consideration of the sum of **$1,050,000.00 (One Million Fifty Thousand Dollars)** also named in the note herein described received from **HIGHBEACH 603, L.L.C.**, whose address **120 SE 5th Ave, Suite 520, Boca Raton, FL 33432**, herein called Mortgagee, (the terms "Mortgagor" and "Mortgagee" include all parties in each capacity to this instrument and their respective heirs, personal representatives, successors and assigns; the term "note" includes all notes and/or promissory notes described herein) Mortgagor hereby mortgages to Mortgagee the real property in Palm Beach County, State of Florida, described as:

**THE SOUTH HALF OF THE NORTH TWO-FIFTHS OF THE EAST HALF OF THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 12, TOWNSHIP 46 SOUTH, RANGE 42 EAST, PALM BEACH COUNTY, FLORIDA, LESS THE EAST 40 FEET THEREOF FOR ROAD RIGHT-OF-WAY.**

## THIS IS A FIRST MORTGAGE.

Mortgagor shall make payments to Mortgagee in the principal amount of $8,750.00 to the mortgagee address above on the 1st of February, 2023 until the loan matures on January 1, 2024.

Mortgagor will provide to Mortgagee proof of renewal of insurance coverage at each renewal period.

Failure by the Mortgagors herein to comply with the tax and insurance requirements set forth herein shall be a material breach of this mortgage, for which the Mortgagee would have the right to foreclosure.

Any decree of foreclosure of this mortgage shall include all costs, expenses, and fees, including reasonable attorneys' fees and cost of title search. In case such foreclosure suit is settled before judgment is recorded therein such costs, expenses and fees shall nevertheless be paid by

**1 | Page**

3/27/23, 1:23 PM Landmark Web Official Records Search
Case 9:23-cv-80640-DMM   Document 1-9   Entered on FLSD Docket 04/11/2023   Page 3 of 5

CFN 20220504673
OR BK 34034 PG 597
Pg: 2 of 4

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $1,058,750.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

TOGETHER with all easements, connected therewith, improvements now or hereafter made thereon, fixtures attached thereto, any furniture or furnishings located thereon or therein and any reversions, remainders, rents, issues and profits thereof as security for the payment of the promissory note, a copy of which is attached.

AND Mortgagor hereby covenants:
    1.    That Mortgagor is in actual possession and seized of said real property in fee simple with full power and lawful right to mortgage the same; that said property is free from all liens and encumbrances except as set forth herein; that Mortgagor fully warrants the title to said real property and will defend the same against lawful claims of all persons whomsoever.
    2.    To pay all money required by said note and this mortgage, or either, promptly when due.
    3.    To pay all taxes, assessments, levies, liabilities, obligations and encumbrances of every description now on or which may hereafter accrue on said property, this mortgage and the debt secured hereby, or any of these, when due. If any part thereof not paid when due, Mortgagee may pay it without waiving the option to foreclose this mortgage or any other right hereunder.
    4.    To pay all costs and expenses together with reasonable attorney's fees (including appellate proceedings) incurred by Mortgagee because of any default by Mortgagor under this mortgage and said note, or either.
    5.    To keep the improvements now or hereafter on said property insured against loss by fire or other hazards included in the terms "extended coverage" and "other perils" in the amount secured by this mortgage by an insurer approved by Mortgagee. The policy shall be held by and made payable to Mortgagee by standard Florida mortgagee clause without contribution as Mortgagee's interest may appear. If any money becomes payable under such policy, then all checks for said money will be made payable to Mortgagor and Mortgagee and the proceeds shall be first applied to restore the mortgaged property to the condition it was immediately before the loss occurred and if there be any excess or if the property not so restored then Mortgagee may apply the same to the payments last due on the debt secured hereby or may permit Mortgagor to use it, or any part thereof, for other purposes without waiving or impairing any lien or right hereunder. If Mortgagor fails to obtain such policy, Mortgagee may procure it and pay therefor without waiving the option to foreclose this mortgage or any other right hereunder.
    6.    To permit, commit or suffer no waste, impairment or deterioration of said property or any part thereof.
    7.    That if said property, or any part thereof, is taken by eminent domain, Mortgagee shall have the right to receive and apply all money paid for such taking to the payments last due on the debt secured hereby or may permit Mortgagor to use it, or any part thereof, for other purposes without waiving or impairing any lien or right under this mortgage. If the remaining part of said property is inadequate security for the unpaid balance of said debt, Mortgagee may accelerate payment thereof immediately.

**2 | Page**

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS <u>$1,058,750.00</u>, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

8. That if Mortgagee shall hold another mortgage or lien on said property, a default under such other mortgage or lien shall constitute a default under this mortgage also. Any default under this mortgage shall likewise constitute a default under such other mortgage or lien. If foreclosure proceedings under any mortgage or lien (whether held by Mortgagee or another) affecting said property are instituted, this shall constitute a default under this mortgage.

9. That Mortgagee may forbear to enforce defaults under this mortgage and said note, or either, or may extend the time for payment of any money secured hereby or may take other or additional security and may deal directly with any owner of said property in all respects pertaining to this mortgage and said note, or either, without notice to or the consent of any person liable under this mortgage and said note, or either, and without discharging or affecting the liability of any person liable under this mortgage and said note, or either.

10. That the rents, profits, income, issues and revenues of said property (including any personal property located thereon or therein) are assigned and pledged as further security for the payment of the debt secured hereby with the right (but no duty) on the part of Mortgagee to demand and receive and apply them on said debt at any time after a default hereunder. If suit is instituted to foreclose or reform this mortgage or to determine the validity or priority thereof, Mortgagee shall be entitled to appointment of a receiver pendente lite without notice for said property and of all rents, income, profits, issues and revenue thereof. It is covenanted and agreed that the court shall forthwith appoint a receiver of said property and of such rents, income, profits, issues and revenues. Such appointment shall be made as a matter of strict right to Mortgagee without reference to the adequacy or inadequacy of the value of the property hereby mortgaged or to the solvency or insolvency of Mortgagor.

11. That if any dispute arises involving said note and this mortgage, or either, wherein Mortgagee incurs any costs (regardless of whether or not legal proceedings are instituted) or if any action or proceeding (including appellate proceedings) shall be maintained by any person other than Mortgagee wherein Mortgagee is made a party, all expenses incurred by Mortgagee to prosecute or defend the rights created by this mortgage and said note, or either, together with reasonable attorney's fees and costs, whether same be rendered for negotiation, trial or appellate work, shall be paid by Mortgagor.

12. That if any money secured hereby is not fully paid within FIFTEEN (15) days after it becomes due, or if any covenant or agreement of said note and this mortgage, or either, is breached, Mortgagee shall have the option to accelerate payment of the entire principal and any other money secured hereby as immediately due and payable without notice. Time is of the essence of this mortgage. Any payment made by Mortgagee under paragraphs 3, 4, 5, or 11 shall bear interest at the maximum legal rate from the date of payment and shall be secured by this mortgage. No waiver of or failure to enforce any default or obligation under this mortgage and said note, or either, shall constitute a waiver of any subsequent default or of the terms of either instrument. If there is any conflict between the terms of this mortgage and said note, the terms of this mortgage shall prevail.

3 | Page

CFN 20220504673
OR BK 34034 PG 599
Pg: 4 of 4

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $1,058,750.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

**In Witness Whereof,** the mortgagor has hereunto set his/her/their hand and seal the day and year first above written.

**Signed, sealed and delivered in our presence:**

_____
Witness 1

Sergij Sardyuc
Witness 1 printed name

_____
Witness 2

Alisha R. Ezell
Witness 2 printed name

**IGIA Investment, LLC, a Florida Limited Liability Company**

By: _____
Valery Vasilyev, Manager

By: _____
Anna Trunova, Manager

_____
Valery Vasilyev

_____
Anna Trunova

**State of Florida**
**County of Broward**

The foregoing instrument was acknowledged before me by means of [ X ] physical presence or [ ] online notarization, this **16th** day of **December**, **2022**, by **Valery Vasilyev, Manager and Anna Trunova, Manager of IGIA Investment, LLC, a Florida Limited Liability Company on behalf of the limited liability company** who are personally known to me or who have produced their **Florida's driver license** as identification.

ALISHA R EZELL
Notary Public - State of Florida
Commission # HH 287209
My Comm. Expires Jul 13, 2026
Bonded through National Notary Assn.

Notary

**State of Florida**
**County of Broward**

The foregoing instrument was acknowledged before me by means of [ X ] physical presence or [ ] online notarization, this **16th** day of **December**, **2022**, by **Valery Vasilyev and Anna Trunova** who are personally known to me or who have produced their **Florida's driver license** as identification.

ALISHA R EZELL
Notary Public - State of Florida
Commission # HH 287209
My Comm. Expires Jul 13, 2026
Bonded through National Notary Assn.

Notary

4 | Page

*NOT A CERTIFIED COPY*