## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-80640-CV-MIDDLEBROOKS

TELARI MANAGEMENT FZC, LLC,

     Plaintiff,

v.

VALERY VASILYEV et al,

     Defendants.

_____/

## ORDER DISMISSING COMPLAINT

THIS CAUSE is before the Court *sua sponte.* Plaintiff initiated this action in federal court on April 11, 2023. (DE 1). For the following reasons, I find that Plaintiff's Complaint must be dismissed without prejudice.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Plaintiff asserts that this court has subject matter jurisdiction over this case based on diversity. District courts have subject matter jurisdiction based on diversity if the amount in controversy exceeds $75,000 and the case is between citizens of different states. *See* 28 U.S.C. § 1332. Plaintiff fails to allege facts necessary to establish diversity.  Indeed, Plaintiff's jurisdictional allegations are lacking in several ways.

First, Plaintiff fails to inform the Court of Plaintiff Telari Management FZC, LLC's and Defendant IGIA Investment, LLC's proper citizenships based on their entity form of limited liability companies. Specifically, the party asserting diversity must provide the citizenships of all the members of an LLC party. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

Plaintiff is required to provide the *citizenships* of Telari Management FZC, LLC's and Defendant IGIA Investment, LLC's members to establish its own citizenship and the citizenship of IGIA Investment, LLC. Instead, Plaintiff provides that (1) Plaintiff is "registered in the United Arab Emirates" and does business in the United States (2) that IGIA "is a Florida limited liability company with a principal address" in Boca Raton, Florida, and (3) that individual Defendants Vasilyev and Trunova "are the managers of IGIA, and, upon information and belief, are members of IGIA." *Id.*

For the Court to determine whether it has jurisdiction over this case, Plaintiff must clearly state how many members each LLC has and provide the proper citizenship of each member; for any members that are also LLCs, Plaintiff must provide the citizenships of those members' members, and so forth. Here, Plaintiff names Vasilyev and Trunova as members of IGIA, but it is unclear what the citizenship of those individual defendants are, or if they are the only members of IGIA. Absent such clarity, the Court cannot determine whether it has subject matter jurisdiction over this case under diversity.

Second, Plaintiffs fail to inform the Court of the proper citizenships of individual Defendants Valery Vasilyev and Anna Trunova. Specifically, Plaintiff states that Valery Vasilyev and Anna Trunova are people who "reside" in Boca Raton, Florida rather than providing their domiciles as is required to establish citizenship. "'For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.' . . . Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) (citations omitted). Therefore, Plaintiff must amend the Complaint to allege the proper citizenships of Valery Vasilyev and Anna Trunova, based on domicile.

Finally, Defendant Tvteka, Ltd. is a corporation and Plaintiff fails to allege Defendant Tvteka's principal place of business. *Rolling Greens MHP., L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004) (explaining that a corporation is a citizen in the state of its incorporation and its principal place of business).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Complaint (DE 1) is **DISMISSED without prejudice**, for failure to plead jurisdiction.

2. Should Plaintiff wish to file an amended complaint, it must do so **on or before April 28, 2023**. The amended complaint must cure all jurisdictional defects identified in this Order.

3. If Plaintiff fails to timely file an amended complaint, this case may be dismissed without prejudice.

**SIGNED** in Chambers in West Palm Beach, Florida, this 20th day of April, 2023.

Donald M. Middlebrooks
United States District Judge

Cc:     Counsel of Record